**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID SHAWN ARDINGER, | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-04-1338 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| WARDEN JOHN E. WETZEL, et al., | : |
| | : |
| Defendants. | : |

**M E M O R A N D U M**

David Shawn Ardinger commenced this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2004, while incarcerated at the Franklin County Prison, Pennsylvania. At that time, he was proceeding pro se in this matter. He has since retained the services of counsel. Named as Defendants are officials and correctional officers at the Franklin County Prison, a Franklin County Deputy District Attorney, a Pennsylvania State Police Officer and the Franklin County Commissioners. The matter proceeds on an amended complaint.[1] (Dkt. Entry 26.)

---

[1] On March 17, 2005, Plaintiff was directed to file an amended complaint in this action which complied with Federal Rule of Civil Procedure 11(a). His original complaint violated Rule 11 in that it was not signed by Plaintiff. (Dkt. Entry 24.) An amended complaint was thereafter submitted on May 6, 2005. (Dkt. Entry 26.) On July 5, 2005, the Court granted an unopposed motion filed by Plaintiff to amend/correct the amended complaint to identify Defendant "John Doe I" as Mark Grove. A copy of a second amended complaint was submitted by Plaintiff documenting this change. (Dkt. Entry 37.) Other than identifying the Doe Defendant, no new claims or causes of action were added.

Presently pending is a motion to dismiss the amended complaint filed by two of the Defendants, Officer "T" Doe[2] and Angela Krom, Deputy District Attorney for Franklin County. (Dkt. Entry 28.)[3]  For the reasons that follow, the motion to dismiss will be granted.

## Background

Ardinger states that on or about June 15, 2002, he was on "administration segregation status" within the R.H.U. at the Franklin County Prison due to his prior employment as a correctional officer for the Maryland State Department of Corrections.  Ardinger claims that Defendant Officer "T", the officer in charge of this area, was absent from his post for over 2½ hours.  When he returned, Ardinger inquired as to his whereabouts because his absence reduced the time available for use of the recreational hall.  Officer T responded by yelling "obscene, vulgar and degrading statements" at Ardinger, and encouraged other inmates to do the same.

On June 16, 2002, Defendant Settings solicited other inmates to make harassing statements to Ardinger.  Officer T, by means of a radio heard by the other inmates, transmitted a message to Settings to tell the inmates to "keep up the good work" and continue harassing

---

[2] This Defendant has since been identified as Officer Toaitiiti.  The Court will continue to refer to him as "Officer T."

[3] The other Defendants have filed answers to the complaint and are in the process of conducting discovery.

Ardinger.  In response to the harassment, Ardinger filed an inmate request slip with Warden Wetzel.   The following day, Settings locked Ardinger in the shower and questioned him about the request slip for the purpose of intimidating him not to pursue relief.

Ardinger states that on or about June 23, 2002, a fish line with a sock at the end was dropped from an upper tier, and stopped in front of his cell door.  Defendant Settings noticed the fish line and pulled three apple danish pastries from the sock.  Ardinger was ordered to pack his belongings and informed he was being placed on disciplinary status.  Ardinger denied any involvement in the incident, and protested that only a shift commander could place an inmate on disciplinary status after an evaluation of a report submitted by a correctional officer.

At that point, Defendant Settings left the tier and returned with Defendant Correctional Officers Avarred, Cason, Sheppard, Monn, Jones and Defendant John Doe II.  Defendants unlocked Ardinger's cell door, rushed into the cell and began to assault him.  Ardinger states that he was pushed to the floor where Defendant Cason stomped on the back of his right calf in an attempt to damage his Achilles tendon.  He states that during the attack he was repeatedly kicked and punched, all without provocation.

Ardinger further alleges that Defendant Sheppard sat on his back and cursed at him when he complained that he was unable to breathe.  Despite his complaints of pain, Ardinger states that Defendants placed handcuffs tightly on his wrists.  Defendant John Doe II intentionally twisted Ardinger's wrist, aggravating a previous injury.  Following the attack,

Defendants Cason and Sheppard each grabbed Ardinger by the feet and dragged him down the corridor on his stomach, causing burns and abrasions to his stomach and chest.

Defendants thereafter removed everything from Ardinger's cell, with the exception of his mattress. Ardinger was then returned to the cell, his handcuffs were removed and a nurse was summoned. It was determined that Ardinger's left wrist was broken. The nurse recommended that he be transported to the Chambersburg Hospital for treatment. Defendant Crider was informed of this information, but refused to make the necessary arrangements. In an effort to obtain medical attention from Defendants, Ardinger placed his mattress against the cell door. Ardinger states that he did not hamper communication with Defendants by doing this, but only moved the mattress to make visual contact with Defendants when speaking to them. Defendants Wetzel and Effland were thereafter contacted at home, and directed Defendant Correctional Officers to enter the cell and use necessary means to remove the mattress.

On June 24, 2002, at approximately 12:30 a.m., Defendants Crider, Settings, Snoke, Shreiner, Jones and John Doe II requested Ardinger to remove the mattress from the cell door. Ardinger states that he complied with the request. Defendant Hartman is alleged to have videotaped this interaction. Because he feared another attack by Defendants, Ardinger attempted to block the Defendants from entering his cell, but was unsuccessful. He claims he was forced against the cell wall by Defendants Crider, Settings and Shreiner. Shreiner then placed his hands around his throat and made threatening remarks to him. Crider and Settings

4

proceeded to assault him. Ardinger claims that Settings grabbed his right leg and pulled him across the cell. Officers Snoke and Jones then entered the cell and began hitting and kicking him. In self-defense Ardinger states that he punched Snoke in the eye. Officer Shreiner reentered the cell and punched Ardinger in the face. At this point Ardinger claims he was bleeding from his eye and pleaded with Defendants to be taken to the Chambersburg Hospital for medical treatment. He thereafter passed out on his cell floor. He did not awaken until the next morning when the day shift officers entered his cell to place handcuffs and leg irons on him in preparation for transport to the Chambersburg Hospital.

      While at the hospital Ardinger received 7 stitches in the right eyebrow and 6 stitches in the lower right eyelid. X-rays revealed a broken right eye socket. Ardinger also suffered a broken left wrist. He contends these injuries were caused by the actions of the Defendant Correctional Officers.

      Ardinger was arrested by Defendant John Doe I for assault against the Defendant Correctional Officers. Defendant Krom, Deputy District Attorney for Franklin County, Pennsylvania, charged and initiated criminal proceedings against Ardinger on four counts of aggravated assault. Ardinger alleges that neither John Doe I nor Krom properly investigated the case before bringing the charges against him. He contends that their actions were motivated by their desire to protect the corrections officers, even though it was the corrections personnel who had assaulted him. A jury ultimately acquitted Ardinger of the charges brought

against him.  Despite his request that Krom initiate charges against the Defendant Correctional Officers, Krom refused to pursue the matter.

Ardinger seeks damages for violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  Specifically, he contends he was subjected to cruel and unusual punishment and violations of his substantive due process rights.  He also sets forth a cause of action for intentional infliction of emotional distress and state law claims of assault, battery and malicious prosecution.

The only matter presently before the Court is a ripe motion to dismiss the complaint filed on behalf of Defendants Officer T and Krom.  For the reasons that follow, the motion will be granted.

**Discussion**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted. . . ."  In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff.  See Mariana v. Fisher, 338 F.3d 189, 195 (3d Cir. 2003).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 44-46 (1957); see also Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  A litigant should be granted leave to amend, but not

if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

The parties have concurred that the claims raised against Defendant Officer "T" are subject to dismissal in that they are barred by the applicable statute of limitations.  The statute of limitations for Section 1983 actions in Pennsylvania is two (2) years.  Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993).  The claims against Officer "T" are alleged to have arisen on June 15 and 16, 2002.  This action was commenced on June 22, 2004.  Accordingly, the motion to dismiss, unopposed by Ardinger, will be granted with respect to this Defendant.

Ardinger does oppose dismissal of Assistant District Attorney Krom.  Ardinger's claims against Krom concern actions she took in her capacity as Deputy District Attorney for Franklin County.  Plaintiff contends that Krom improperly initiated criminal proceedings against him on aggravated assault charges because she failed to investigate the matter and only filed the charges in an effort to protect the correctional officers.

It is well-established that certain government officials, including prosecutors, are entitled to varying levels of immunity from § 1983 liability.  See Butz v. Economou, 438 U.S. 478, 507 (1978).  A prosecuting attorney is absolutely immune from liability from damages under Section 1983 for acts intimately associated with the judicial phase of the criminal process, such as the initiation of the prosecution and the presentation of the state's case.  Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). It is beyond question that "[t]he decision to initiate a prosecution is at the core of a

7

prosecutor's judicial role." <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1463-64 (3d Cir. 1992). Consequently, a prosecutor enjoys absolute immunity with respect to such decisions, "even where he acts without a good faith belief that any wrongdoing has occurred." <u>Id</u>. Moreover, alleged deficiencies in a prosecutor's decision-making process are also within the ambit of absolute prosecutorial immunity. <u>See</u> <u>id</u>. at 1411; <u>see also</u> <u>Rose v. Bartle</u>, 871 F.3d 331, 345 (3d Cir 1989)(immunity attached despite prosecutor's failure to investigate prior to institution of grand jury proceedings and lack of good faith belief that unlawful conduct occurred).  Ardinger's claims against Krom clearly concern matters "intimately associated with the judicial phase of the criminal process." <u>Imbler</u>, 424 U.S. at 430.  Ardinger does not argue otherwise.  Indeed, Ardinger did not even address the absolute immunity defense in responding to the motion to dismiss.  Krom is plainly entitled to absolute immunity, and her pending motion to dismiss will

be granted.  An appropriate Order follows.

                                          **s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SHAWN ARDINGER, | : |
| Plaintiff, | : CIVIL NO. 3:CV-04-1338 |
| vs. | : (CHIEF JUDGE VANASKIE) |
| WARDEN JOHN E. WETZEL, et al., | : |
| Defendants. | : |

## O R D E R

**NOW, THIS 8th DAY OF FEBRUARY, 2006,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The motion to dismiss the amended complaint filed by Defendants Officer "T" and Angela Krom (Dkt. Entry 28) is **GRANTED**. The claims against these Defendants are **DISMISSED**.

2. With regard to the remaining Defendants, discovery shall be completed within sixty (60) days from the date of this Order. Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

                                         **s/ Thomas I. Vanaskie**
                                         Thomas I. Vanaskie, Chief Judge
                                         Middle District of Pennsylvania