**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SHAWN ARDINGER,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-04-1338** |
| | : | |
| **v.** | : | **(Judge Vanaskie)** |
| | : | |
| **WARDEN JOHN E. WETZEL, _et al._,** | : | |
| | : | |
| **Defendants.** | : | |

**M E M O R A N D U M**

**I.     INTRODUCTION**

Plaintiff, David Shawn Ardinger, commenced this action _pro se_ by filing a civil rights

complaint pursuant to the provisions of 42 U.S.C. §§ 1983, 1985, 1986, and 1988.  In response,

Defendants filed motions to dismiss.  While the motions to dismiss were pending, counsel

entered her appearance on behalf of Ardinger.  By Order dated March 17, 2005 (Dkt. Entry 24),

the Court dismissed Defendants' motions without prejudice, and directed Plaintiff to filed an

Amended Complaint.  Plaintiff complied on May 6, 2005, by filing, through counsel, a first

amended complaint.  (Dkt. Entry 26.)  On July 5, 2005, Plaintiff filed a Second Amended

Complaint. (Dkt. Entry 36.)  As a result of various court rulings and agreements of counsel, the

remaining Defendants consist of the following officials at the Franklin County Prison

(collectively "FCP Defendants"): Warden John Wetzel; Lt. Rodney Effland; and Officers

MacIntosh, Settings, Sheppard, T Doe, Monn, Cason, Avard, Crider, Shreiner, Snoke, Jones,

and Hartman.  The claims remaining in this case are excessive use of force (brought under the

Eighth Amendment), unspecified violations of "substantive due process," intentional infliction of emotional distress, assault, and battery.  Those FCP Defendants who assert that they were not involved in the physical encounters with Plaintiff that give rise to this litigation (Warden Wetzel, Lt. Effland, Officer MacIntosh, and John Doe II) have moved for summary judgment.  (Dkt. Entry 44.)  The motion has been briefed and is ripe for disposition.  For the following reasons, the motion will be granted.

## II.   BACKGROUND

Plaintiff was incarcerated in Franklin County Prison on or around February 12, 2002, and he was placed in the Restricted Housing Unit ("RHU") because of his prior employment as a corrections officer in another state.  Plaintiff claims that Defendants Settings and T Doe encouraged other inmates to taunt and harass him on several occasions.  (Dkt. Entry 54 at ¶ 6.)  Subsequently, Plaintiff filed a written request to Warden Wetzel concerning the alleged harassment.  Plaintiff alleges that on or around June 17, 2002, Settings confronted him, locked him in the shower, and "made statements about the request slip that was sent to defendant Wetzel."[1]  (Dkt. Entry 53 at 1.)

On June 23, 2002, Settings accused Plaintiff of originating a "fish line" from his cell. Plaintiff denied involvement in the fish line, and Settings summoned the assistance of several

---

[1] There is no evidence that this shower incident was brought to the attention of Warden Wetzel.

2

fellow officers, purportedly to remove Plaintiff's personal belongings from his cell.  Plaintiff claims that the officers opened his cell, rushed at him, slapped and kicked him, and placed handcuffs on him very tightly, despite his reminders of a previous injury to his left wrist.  (Dkt. Entry 54 at ¶ 11.)  Plaintiff was extracted from his cell, all of his belongings but his mattress were removed, and Plaintiff was allowed to return to his cell.

Plaintiff alleges that his wrist was examined by a prison nurse, who advised that the wrist be x-rayed.  (Id. at ¶ 17.)  Officer Jones informed Plaintiff that the officers were trying to contact their superior at his home, and Plaintiff avers that the decision of whether he would receive treatment would be made by the shift commander on duty.  (Id.)  Plaintiff then placed his mattress against the cell door as a barricade, which he claims was an effort to bring his medical condition to the attention of the shift commander.  (Id.)

Sergeant Crider testified that he contacted Deputy Warden Rouzer for instructions. According to Crider, Rouzer told him to conduct 15 minute checks on Plaintiff after the first altercation, and he was instructed by Rouzer to remove the mattress to conduct the 15 minute checks.  Thereafter, officers entered Plaintiff's cell a second time to remove the mattress. Plaintiff suffered a broken right eye socket and a broken left wrist as a result of these encounters.

It is undisputed that neither Warden Wetzel, Lt. Effland, nor Officer MacIntosh were present during the altercations.  It is also undisputed that Plaintiff has named all persons

3

involved in the incidents that occurred on June 23 and 24, 2002, thereby removing the need for Defendant John Doe II.

## III.   DISCUSSION

### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in a light most favorable to the non-moving party.  El v. Southeastern Transportation Authority, 479 F.3d 232, 238 (3d Cir. 2007); Mraz v. County of Lehigh, 862 F. Supp. 1344, 1346 (E.D. Pa. 1994).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To preclude summary judgment, there must be a "genuine" issue of a material fact.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-250 (internal citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on

the allegations contained in the pleadings. Fed. R. Civ. P. 56(e).  Rather, the adverse party

must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on

file that there is a genuine issue for trial. Id.  When addressing a summary judgment motion,

the court's inquiry focuses on "whether *the evidence* presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." Anderson, 477 U.S. at 251-52 (emphasis added).

**B.  Claims Against Effland and John Doe II**

Defendants argue that John Doe II is entitled to summary judgment because he is the

same as T Doe, who was previously dismissed from the action with prejudice.  Defendants also

argue that Effland is entitled to summary judgment because he was misidentified as the prison

official that ordered the second incursion into Plaintiff's cell.  In this regard, the record supports

a conclusion that it was Rouzer, and not Effland, who gave corrections officers the direction to

enter Plaintiff's cell a second time to remove Plaintiff's mattress.

In response to Defendants' assertion pertaining to Effland, Plaintiff concedes that "[i]t

appears that defendant's claims that Effland was [mis]identified may be correct and . . .

plaintiff's counsel has no recourse, but to fail to address the motion on behalf of defendant

Effland and John Doe II."  (Dkt. Entry 53 at 10.)  Therefore, since Defendants have introduced

evidence in the record to support their contentions as to Effland and John Doe II, and since

Plaintiff fails to assert that there is a genuine issue for trial as to these Defendants, John Doe II

and Effland will be granted summary judgment.

### C. **Defendant MacIntosh**

Defendant MacIntosh argues that he is entitled to summary judgment because there are no substantive allegations of his involvement in either of the two altercations which form the basis for the extant claims.  In response, Plaintiff alleges that MacIntosh was on the hearing board that reviewed the misconduct charges arising from the two altercations, and the board denied Plaintiff due process rights at the hearing.  Plaintiff, however, makes no allegations concerning the disciplinary hearing in his Second Amended Complaint.  Although Plaintiff claims that he was denied substantive due process with the alleged assaults, his Second Amended Complaint makes no mention of any misconduct proceedings.  Accordingly, MacIntosh is entitled to judgment in his favor.

### D. **Claims Against Warden Wetzel**

Plaintiff claims that Defendant Wetzel is vicariously liable for the acts of the employees under his supervision during the altercations.  It is well-established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988).  The personal involvement requirement, however, may be satisfied by a showing of "personal direction or of actual knowledge and acquiescence."  Id.; Pansy v. Preate, 870 F. Supp. 612, 630 (M.D. Pa. 1994), aff'd mem., 61 F.3d 896 (3d Cir. 1995).

6

Plaintiff alleges that there was knowing acquiescence on the part of Wetzel, and he is therefore liable.  Specifically, Plaintiff argues that he put Wetzel on notice of Settings' harassment.  Plaintiff argues that upon such notification, "[Wetzel] could have taken precautions to end the treatment that the plaintiff was receiving."  (Dkt. Entry 53 at 7.)  Plaintiff concludes that "[c]ontinued harassment should have been envisioned by [Wetzel] as a result of his failure to take precautions when notified of the conditions by the plaintiff."  (Id.)

The connection between Plaintiff's notification of harassment by one officer and the deliberate use of excessive force by a number of other officers, however, is too attenuated to support a finding of culpable conduct on the part of Warden Wetzel.  The Supreme Court has instructed that the information presented to the supervisory official must be such as to show that it is *highly likely* that the individual who is the subject of the notification will inflict the *particular injury* sustained by the plaintiff. Board of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 412 (1997).  Plaintiff has presented no evidence to suggest that the Warden could reasonably have anticipated that Settings would have instigated a confrontation between Plaintiff and other officers that would have erupted into violence.  Certainly, the evidence does not show that it was highly likely that Plaintiff would be beaten by guards at the instance of Settings.  Even more unlikely is the fact that Monn and Sheppard would break Plaintiff's wrist with application of handcuffs, or Officer Shreiner would have broken Plaintiff's eye socket, as alleged.  Nor is there any indication that Warden Wetzel had reason to believe

7

that any of the named defendants had some propensity or motivation to attack Plaintiff.  There

is no evidence that Plaintiff needed to be isolated from a particular officer for Plaintiff's safety.

Stated otherwise, there is no evidence that Warden Wetzel had reason to believe that there

was an excessive risk to Plaintiff's safety. Ultimately, there is no evidence to support a

conclusion that Wetzel knowingly acquiesced in the alleged violation of Plaintiff's civil rights.

Accordingly Wetzel is also entitled to summary judgment.

An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SHAWN ARDINGER,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-04-1338** |
| | : | |
| **v.** | : | **(Judge Vanaskie)** |
| | : | |
| **WARDEN JOHN E. WETZEL, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

    **AND NOW, THIS 25th DAY OF MAY, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.  The Motion for Summary Judgment of Defendants Wetzel, Effland, MacIntosh, and John Doe II (Dkt. Entry 44) is **GRANTED**.

    2.  The Clerk of Court is directed to dismiss Defendants Wetzel, Effland, MacIntosh, and John Doe II from this action.

    3.  A telephonic scheduling conference will be held on **June 22, 2007, at 9:00 a.m.** Counsel for Plaintiff shall make the arrangements for the conference call.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge
